## Weekly Abstract of PENDING CASES

### No. 821
### CONN et v. JONES, Treas.
### No. 19329. Supreme Court

On motion to certify. Dock. Aug. 15, 1925; 3 Abs. 530.

1159. TAXES AND ASSESSMENTS—May proceedings to forfeit and sell real property for non-payment of alleged illegal taxes be enjoined independently of 12075 GC?

Harry L. Conn, as trustee under the will of George H. Marsh brought an action against John Jones as treasurer of Van Wert County to enjoin the collection of taxes upon real and personal property belonging to the Marsh Foundation, and to enjoin him from threatened proceedings to sell or forfeit the lands as if delinquent.

The action was brought on the ground that the property was exempt from taxation under that provision of 5353 GC. relating to "property belonging to institutions of public charity only." Conn claimed the taxes were illegal and void; and that the property was beyond the taxing powers of the taxing officers. This was appealed from the Common Pleas to the Court of Appeals.

In the Supreme Court on a motion to certify Conn contends that the meaning of 12075 GC. which provides for the collection of taxes illegally assessed, is clearly established, to the effect that it provides a remedy by injunction against the collection of illegal taxes regardless of the existance of other remedies. It is an affirmative statute.

It is contended that Jones' contention that 12075 GC. is repealed by the enactment of later statutes (5616-1, 5611-2 GC.) by implication, is not well taken in that repeals by implication are not favored. In State v. Barkman, 91 OS. 248-251, it was held that it is only when a statute is in clear conflict with existing legislation upon the same subject matter that the existing legislation will be held to be repealed by implication.

It is claimed that 5616 GC. does not purport to provide an exclusive remedy; but is merely an affirmative statute, authorizing a complaint to the tax commission of Ohio as to certain determinations of a county auditor. The most that can be claimed for 5616 GC. is that it provides a legal remedy and that resort may be had to a suit for injunction under 12075 regardless of the existance of other remedies.

It is urged that the auditor did not act with respect to the 1922 taxes until Aug. 1923. That was the first time he put the property on for taxation for 1922. Section 5616 would not authorize a complaint to the tax commission in 1923 with respect to the liability or exemption of property in the year 1922.

The questions presented then are:—Whether in case the taxes are illegal, Conn has a right

to an action for an injunction, notwithstanding provisions of 5616, 5611 and 5611-2 GC; whether proceedings to forfeit or sell real property for non-payment of illegal taxes may be enjoined independently of 12075 GC.

Attorneys—Conn, Hoke & Wright, Van Wert; Wilson & Rector, Columbus, for Conn; C. C. Crabbe, W. E. Benoy, Columbus, J. C. Miller, Van Wert, for Jones.